# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIE D. RANDALL, | 1:09-cv-00815-LJO-SMS (HC) |
| Petitioner, | FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| PEOPLE OF THE STATE OF CALIFORNIA, | [Doc. 1] |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner filed the instant petition for writ of habeas corpus May 8, 2009. (Court Doc. 1.) The petition challenges a 1999 conviction in the Fresno County Superior Court for rape, sexual assault, robbery, and burglary.

Petitioner previously challenged this same conviction in a prior petition for writ of habeas corpus filed in this Court on August 5, 2002, in case number 1:02-cv-5949 LJO (HC). On March 12, 2004, the petition was denied on the merits and judgment was entered in favor of Respondent on March 17, 2004. (Court Docs. 17, 18.) The Ninth Circuit Court of Appeals affirmed the judgment on September 23, 2005. (Court Doc. 35.)

Under AEDPA's new "gatekeeping" provisions, an applicant seeking to file a second or successive petition must obtain from the appropriate court of appeals an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A). Section 2244(b)(2)

1

provides that a claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--

A court of appeals may grant such an order only upon a showing that:

> (A) the applicant shows that the claim relies on a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii)the facts underling the claim, if proven and viewed in the light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2)(A)-(B).

"Generally, a new petition is 'second or successive' if it raises claims that were or could have been adjudicated on their merits in an earlier petition." Cooper v. Calderon, 274 F.3d 1270, 1273 (9th Cir.2001). Even if a petitioner can demonstrate that he qualifies for one of the exceptions set forth in 28 U.S.C. § 2244(b)(2), he must seek authorization from the court of appeals before filing his new petition with the district court. Burton v. Stewart, 549 U.S. 147 (2007); 28 U.S.C. § 2244(b)(3). Even if Petitioner contends that he should be permitted to file a successive petition based on his claim that he is actually innocent and appellate counsel was ineffective, he cannot proceed with such claims without authorization from the appropriate court of appeals. 28 U.S.C. § 2244(b)(3)(A). There is simply no evidence in the record that Petitioner sought or was granted such authorization. See Burton v. Stewart, 549 U.S. 147. Accordingly, because the prior petition was adjudicated and denied on the merits, the instant petition is clearly a second and successive petition which must be dismissed without prejudice.

## RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that the instant petition for writ of habeas corpus be DISMISSED without prejudice.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of

2

the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within ten (10) <u>court</u> days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   May 15, 2009**                              /s/ Sandra M. Snyder
                                                                    UNITED STATES MAGISTRATE JUDGE